Marvin McKinley **MORRISON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 59662.

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 10, 1980.

Frank L. King, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., and William Everett Seymore, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, ODOM and PHILLIPS, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment was assessed at twenty–five years.

Appellant contends the evidence is insufficient to prove he was a party to the offense. He was convicted by virtue of V.T.C.A., Penal Code Secs. 7.01, 7.02(a)(2), as a party with J. R. Clement, who judicially admitted to the actual commission of the robbery itself.

The evidence presented at trial established that on January 16, 1976, between 1:45 and 2:00 p. m., Clement robbed a teller at a bank in Lubbock. The teller who was robbed testified that she was approached by Clement at her teller window and told to put money in a sack. She further stated that she believed Clement was armed since he was reaching for a "bulge" in his jacket during the robbery. The teller also stated that she did not see appellant anywhere near the robbery scene.

The only evidence adduced at trial that tends to prove appellant, "acting with intent to promote or assist the commission of the offense [1] . . . encourage[d], direct[ed], aid[ed] or attempt[ed] to aid [Clement] to commit the offense," Sec. 7.02(a)(2), supra, is as follows. Appellant and Clement came to Lubbock together the morning of the offense. Appellant arrived at a small "club" (an old house containing a juke box and pool table) with Clement sometime between 12:30 to 2:30 p. m. The two men stayed at this location until midnight. The operator of this club testified that appellant sent her to purchase some food and beer for them. He paid her in fifty and twenty dollar bills. The operator also stated that appellant gave her $140.00 cash to purchase a television for the club. The owner of the club and appellant were acquaintances, and the owner and his operator did purchase a television with the money given.

1. The jury charge omitted "solicits," submitting only "encourages, directs, aids or attempts to

The operator of the club also stated that Clement left a gun at the club when he departed about midnight. She could not, however, find the gun the next morning. Further, she stated that the two men carried a briefcase into the club, but she never saw the contents of the case and the two men never discussed a robbery in her presence.

The State also presented evidence establishing that Clement lived with appellant for four months prior to the robbery. When the investigation of the robbery centered on Clement, several police officers went to appellant's house on January 22, 1976, to search for Clement. Appellant gave the officers permission to search his house and car. The search revealed a newspaper clipping concerning the robbery in Clement's bedroom, and Clement's sunglasses which he used during the robbery were found in the bathroom. The search of appellant's car revealed a handgun and holster under the driver's seat. Appellant was carrying over $1000.00 at this time. Also in his possession was a mutilated $100.00 identified as one of the bills taken in the robbery. At this time both Clement and appellant were arrested.

■■ In determining whether an individual is a party to an offense and bears criminal responsibility therefor, the court may look to events before, during, and after the commission of the offense. *Wygal v. State*, 555 S.W.2d 465, 468–69. Further, circumstantial evidence may be sufficient to show that one is a party to the offense. *Wygal v. State*, supra at 469. The issue before us is whether the circumstances in the case before us sufficiently establish that appellant, acting with intent to assist or promote the robbery, committed an act that encouraged, directed, aided or attempted to aid Clement in his commission of the robbery.

■ The State failed to place appellant at the scene of the crime; however, such is not necessary in every case. See *Cross v.*

aid" in its application of the law to the facts.

*State*, 550 S.W.2d 61, 63. It was established that appellant lived with the perpetrator of the robbery, that the two men were together after the robbery, that appellant was in possession of large sums of money after the robbery and at the time of his arrest, that appellant possessed, six days after commission of the offense, a $100.00 bill taken from the Lubbock bank, and that six days after the robbery appellant had a gun under the seat of his car.

When the sufficiency of the evidence is challenged, we view the evidence in the light most favorable to the verdict. E. g. *Clark v. State*, 543 S.W.2d 125. Viewing the evidence in such light we find that appellant was convicted as a party to the offense by virtue of the facts that he and Clement lived together, were together before and after the offense, possessed a large sum of money after the robbery, and when arrested six days later had a $100.00 bill taken in the robbery and a gun in his possession. Acts committed after the robbery was completed could not make appellant a party to the offense. *Easter v. State*, 536 S.W.2d 223, 228. The circumstances must prove some culpable act before or during the robbery. Also, since appellant was not the primary actor, the presumption that one in unexplained possession of recently stolen property was the *thief* could not apply. One of the State's witnesses, on cross–examination, testified that his investigation revealed that the car used by Clement to commit the robbery was stolen shortly before he committed the crime. This would prevent speculation that appellant provided a car for Clement. The conclusion that appellant committed some culpable act rests entirely on conjecture. Every reasonable hypothesis except the guilt of appellant is not excluded by this evidence.[2] See *Suff v. State*, 531 S.W.2d 814, 817. We conclude that the evidence was not sufficient to show that appellant committed some act with intent to promote or assist the commission of the offense, by encouraging, directing, aiding, or attempting to aid Clement to commit the robbery. See *Wygal v. State*, supra at 469.

The judgment is reversed and an acquittal ordered in this cause.

---

2. The record also shows that two witnesses who might have shed additional light on the facts were not presented. The bank teller who was robbed testified that after Clement left the bank she informed her superiors. Two of the bank's officers went out the back door "and by that time, of course, all they could see was dirt flying." Whether they could see how many people were in the fleeing car is not shown because they did not testify.