**Emeterio MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–86–441–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 28, 1987.

Rehearing Denied Sept. 24, 1987.

**234**

Joseph A. Connors, III, McAllen, Ricardo Flores, Edinburg, for appellant.

Rene Guerra, Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

Appellant Emeterio Martinez was convicted of murder. Punishment was assessed at forty years. Appellant raises twenty points of error.

The evidence at trial showed that the body of a young woman was found on a dirt road near a drainage ditch in Hidalgo County. She was last seen in the company of appellant and his companion Rodolfo Morales. The woman had left a tavern with the two men in appellant's blue Lincoln Continental, lured by the promise that they would take her to Houston and find employment for her. The following morning, her body was discovered with four bullet holes in it.

In appellant's points of error two, three, and four, he contests the finding of guilt based on the law of parties. Appellant argues that the evidence is insufficient to prove the allegations in the indictment, the jury finding of guilt, and that appellant was criminally responsible for the victim's murder.

Tex. Penal Code Ann. § 7.02(a)(2) provides:

(a) A person is criminally responsible for an offense committed by the conduct of another if:

\* \* \*

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit offense....

The indictment alleged, in pertinent part, that appellant "did then and there intentionally and knowingly cause the death of an individual, [victim], by shooting the said [victim] with a firearm...." The court's charge to the jury included an abstract instruction on the law of criminal responsibility as a party to an offense. The jury found appellant guilty "as charged in the indictment."

An accused may be convicted as a party even though the indictment charges him with doing the act himself. *Williams v. State*, 676 S.W.2d 399, 401 (Tex.Crim. App.1984); *King v. State*, 653 S.W.2d 913, 918 (Tex.App.—Corpus Christi 1983, no pet.); *see LeDuc v. State*, 593 S.W.2d 678, 685 (Tex.Crim.App.1979); Tex. Penal Code Ann. § 7.01 (Vernon 1974). Both the indictment and the verdict are sufficient.

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

The evidence, viewed in the light most favorable to the jury verdict, shows that appellant and Rodolfo Morales began drinking beer at appellant's house about 1:00 p.m. on November 17, 1985. After an hour or two, appellant and Morales got in appellant's blue Lincoln Continental and drove out to a park on Delta Lake, where they drank more beer until the late afternoon. As they were leaving the lake, they saw two men in another car who were also leaving. The driver of the other car had recently been in a fight with Morales. As the other car accelerated onto the highway, appellant drove up along the left side, and

Morales fired several shots at the car with his .22–caliber pistol. The other car swerved and skidded to a stop, and appellant turned around and passed back by the stationary car. Several more shots were fired at it, but it is unclear whether appellant or Morales, or both, fired the second volley. It is also unclear from the record what happened to the two men in the other car.

Appellant and Morales next went to Morales' house, either before or after appellant picked up his children and took them to his ex-wife's house. There Morales exchanged his .22–caliber automatic pistol for a revolver of the same caliber. The two went to the Texas Lounge and drank more beer. Eventually they left, and the victim, an apparently undocumented Mexican who had been working at the lounge for a week, left with them. The men had told her that they would take her and her older sister to Houston and find them a job. The three went to El Dorado Lounge, where the men drank more beer while their victim apparently tried to coax her sister, an employee of the lounge, to come to Houston. Her sister remained at the lounge when the three left.

Appellant drove to a secluded area along a drainage ditch where the two men engaged in intercourse with the young woman. She was then shot four times, twice in the face and twice in the chest, and left in the grass near the drainage ditch. Appellant and Morales then drove around the countryside, drinking more beer. Eventually, appellant dropped off Morales and went home. He was seen entering his house about 3:30 a.m., carrying a pistol.

The pertinent facts thus show that appellant spent the entire afternoon and evening with Morales. He promoted and assisted the assault on the other car, and he was cognizant of Morales' possession of two different weapons, even taking Morales home to trade pistols. He himself was armed. He drove the victim out to an isolated area, where he had intercourse with her shortly before she was killed. After the murder, he calmly drove around with Morales and continued to drink beer

with him. His intent to promote and assist in the commission of the offense may be inferred from the acts proved. *Compare Mendez v. State*, 575 S.W.2d 36 (Tex.Crim. App.1979), *and Romo v. State*, 568 S.W.2d 298 (Tex.Crim.App.1978) (on rehearing), *with Porter v. State*, 634 S.W.2d 846 (Tex. Crim.App.1982); *Morrison v. State*, 608 S.W.2d 233 (Tex.Crim.App.1980); *and Ortiz v. State*, 577 S.W.2d 246 (Tex.Crim.App. 1979). The evidence is sufficient to support appellant's conviction.

■ Appellant's points of error five through ten assign error to the jury charge. The appellant properly contends that the trial court erred in refusing a requested instruction applying the law of parties to the facts of the case. The State concedes that a "flaw" exists in the court's charge but argues that appellant failed to preserve the error.

A requested instruction is sufficient if it calls the trial court's attention to an omission in the charge. *Williams v. State*, 630 S.W.2d 640, 643 (Tex.Crim.App.1982); *Wells v. State*, 716 S.W.2d 715, 718 (Tex. App.—Corpus Christi 1986, no pet.); Tex. Code Crim.Proc.Ann. art. 36.15 (Vernon Supp.1987). Even a requested charge which misstates the law and impermissibly comments on the weight of the evidence is sufficient if the trial court understands the objection to the proposed charge. *See Stone v. State*, 703 S.W.2d 652, 655 (Tex. Crim.App.1986); *cf. Gill v. State*, 670 S.W.2d 758, 761 (Tex.App.—Corpus Christi 1984, pet. ref'd).

Appellant's requested application of parties law to the facts was filed and presented to the trial court. The proposed charge reads as follows:

The mere presence of defendat [sic], Emeterio Martinez, at the shooting, if any, would not constitute him a party to the offense charged, and if you should find from the evidence beyond a reasonable doubt that Rodolfo Morales, did then and there intentionally or knowingly kill the said [victim], by shooting her with a gun, as aforesaid, but you further find and believe from evidence, or you have a reasonable doubt thereof, that the de-

fendant Emeterio Martinez, did not act with intent to promote or assist the commission of the said offense of shooting and killing [the victim], if any, by encouraging, soliciting, directing, aiding, or attempting to aid Rodolfo Morales, in the commission of said offense, then you will find defendant Emeterio Martinez, not guilty of murder.

The requested charge, although not perfectly drawn, adequately applies the law of parties to the facts of the case. The request was sufficient to preserve appellant's complaint. *See Jaycon v. State,* 651 S.W.2d 803, 807 (Tex.Crim.App.1983).

■ The State also argues that appellant failed to preserve his complaint because his attorney actually argued against inclusion of the charge at the charge conference. This is similar to the case in *Brown v. State,* 716 S.W.2d 939, 942–43 (Tex.Crim. App.1986); however, the instant case is distinguishable. The charge conference, where "Requested Instruction No. 1" was discussed, proceeded as follows:

> MR. FLORES: Your Honor, for the record, I will inquire of the Court if the three requested instructions that I had presented to the Court earlier today are in the Court's file?
> THE COURT: Yes, Mr. Flores, they are.
> MR. FLORES: And has the Court duly noted exception as to each?
> THE COURT: Do you want to urge them on the record or—I have read them, Mr. Flores, and I understand what your arguments are on them. It's up to you whether you want to put them on the record or not.
> MR. FLORES: Well, just as to the Court's decision on each one, I think since they are filed of record, the Court need not read them into the record, just simply rule on them.
> THE COURT: Requested Instruction No. 1 is dined [sic], or rather I believe the Court has a form of your request. No, No. 1 is denied, Mr. Flores.
> I have given you a form of No. 2, Mr. Flores, and included intent and I didn't give the defendant.
> MR. FLORES: All right, Your Honor.

> THE COURT: So that on the record is denied. And No. 3 is denied.
> MR. FLORES: Very well, Your Honor, please note our exception.
> THE COURT: Yes. From the State, are there any requested instructions or objections to the charge?
> MR. SALAZAR: None, Your Honor.

It is clear from the record that the trial court acted on appellant's written requested charge before hearing and ruling on appellant's later, separate objection that the evidence was insufficient to support an instruction on the law of parties.

■ The charge which the trial court gave to the jury gave an abstract instruction on the law of parties, after the paragraphs applying the law to the facts of the case. The application portion made no reference to whether appellant acted alone or as a party, but simply tracked the language of the indictment. *See generally Black v. State,* 723 S.W.2d 674, 677 (Tex.Crim.App. 1986) (Onion, P.J., dissenting). Where an accused has made a timely and proper request that the trial court apply the law of parties to the facts of the case, the trial court commits error in failing to do so. *Rasmussen v. State,* 608 S.W.2d 205, 208 (Tex.Crim.App.1980). We find that the trial court erred in omitting the requested charge.

■ We next consider whether the charging error created "some harm" to appellant. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (on rehearing). Where the evidence clearly would support an appellant's conviction as the primary actor, trial error in charging on the law of parties is harmless. *Black,* 723 S.W.2d at 675. Here, the evidence is not of that character. No one who testified observed the murder or was able to demonstrate that appellant fired the fatal shot or shots. The circumstantial evidence is at least as consistent with Morales being the actual murderer as with appellant. The court's charge was not sufficient to require the jury to find whether Morales caused the death of the deceased by shooting her with a firearm, and whether appellant was

criminally responsible for the acts of Morales. As such, reversible error occurred. *See Jaycon,* 651 S.W.2d at 808.

We have thoroughly reviewed appellant's remaining points of error and find no points which would require reversal. The judgment of the trial court is REVERSED AND REMANDED for a new trial.