**Edna Kaye DAVIS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–88–002–CR.**

Court of Appeals of Texas, Fort Worth.

June 28, 1989.

Rehearing Denied July 26, 1989.

Tim Curry, Criminal Dist. Atty., and C. Chris Marshall, and Cindy Singleton, Asst. Criminal Dist. Attys., Fort Worth, for the State.

Lee Ann Dauphinot, Fort Worth, for appellant.

Before HILL, FARRIS and MEYERS, JJ.

### OPINION ON STATE'S MOTION FOR REHEARING

FARRIS, Justice.

We grant the State's motion for rehearing in order to reconsider our ruling that this court had jurisdiction to consider the appellant's point of error complaining of insufficient evidence. We withdraw our prior opinion and judgment and substitute this opinion and judgment therefor.

Edna Kaye Davis appeals her conviction of aggravated possession of a controlled substance. *See* TEX.REV.CIV.STAT. ANN. art. 4476–15, sec. 4.041(c) (Vernon Supp.1989). After stipulating to testimony that the powdered substance found in her possession contained amphetamine ' and weighed 69.8967 grams, and after being duly admonished, Davis entered a plea of nolo contendere. *See* TEX.CODE CRIM. PROC.ANN. art. 1.15 (Vernon 1977). The trial court found her guilty and assessed punishment at seven years in the Texas Department of Corrections and a $5.00 fine.

In four points of error, Davis complains that: (1) the evidence is insufficient to sustain her conviction; (2) article 4476–15, section 4.041, is unconstitutionally vague; and (3) her motion to suppress the evidence seized should have been granted because the evidence was obtained as a result of an illegal detention.

We agree and sustain point of error one because the judgment is not supported by sufficient evidence. We do not have jurisdiction to consider Davis's remaining points. The judgment of the trial court is reversed and this case is remanded to the trial court.

Before we reach the merits of Davis's arguments, we must first address the State's challenge to our jurisdiction to consider Davis's first two points. The State contends that Davis failed to comply with TEX.R.APP.P. 40(b)(1) because she did not raise these issues in a pre-trial motion or have the trial court's permission to appeal on those grounds.

■ As to the first point of error, the State has construed Rule 40(b)(1) to have the same effect as the law it replaced, the proviso to TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979).[1] The proviso of article 44.02 stated that in cases in which judgment was rendered upon a plea of guilty or nolo contendere and the punishment did not exceed that recommended by the prosecutor and agreed to by the defendant, before the defendant might prosecute an appeal, he must obtain the permission of the trial court or have raised the matter in a written pre-trial motion. *Galitz v. State*, 617 S.W.2d 949, 951–52 (Tex.Crim.App. 1981).

However, Rule 40(b)(1) only requires one of these prerequisites to be satisfied if a defendant seeks to appeal non-jurisdictional defects or errors that occurred *prior to* the entry of the plea. Because insufficient evidence is a defect occurring after the entry of the plea, the prerequisites are not applicable. *See Rosenkrans v. State*, 758 S.W.2d 388, 389 (Tex.App.—Austin 1988, pet. ref'd) (per curiam); *Lerma v. State*, 758 S.W.2d 383, 384 (Tex.App.—Austin 1988, no pet.) (per curiam).

■ It can be argued that Rule 40(b)(1) is an invalid attempt to expand a defendant's substantive right to appeal by allowing a defendant to appeal a post plea defect

---

1. Article 44.02, as amended in 1977, provided:
   A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial....
   In 1985, the Texas Legislature delegated to the Court of Criminal Appeals authority to promulgate a comprehensive body of rules of post trial, appellate and review procedures in criminal cases. Provisions in the Code of Criminal Pro-

   cedure subsequently covered in the new body of rules were repealed upon designation by the court at the time the new rules became effective. Act of Aug. 26, 1985, ch. 685, secs. 1–4, 1985 Tex.Gen.Laws 2472–2473.
   TEX.R.APP.P. 40(b)(1) provides:
   [A notice of appeal] shall be sufficient if it shows the desire of the defendant to appeal from the judgment ... but if the judgment was rendered upon his plea of guilty or nolo contendere ... and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdical defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

such as insufficiency of the evidence. In delegating authority to the Court of Criminal Appeals to promulgate procedural rules, the Legislature expressly provided that such court rules could not abridge, enlarge or modify the *substantive* rights of a litigant. Act of Aug. 26, 1985, ch. 685, secs. 1–4, 1985 Tex.Gen. Laws 2472–2473; *see also* TEX.GOV'T.CODE ANN. sec. 22.-108 (Vernon 1988) (emphasis added). *If* Rule 40(b)(1) gave a litigant a greater scope of appeal than existed under the law prior to the Rules of Appellate Procedure, we would agree such an event would be an invalid attempt by the Court of Criminal Appeals to legislate a substantive right. Rule 40(b)(1) does not, however, expand the scope of a litigant's appeal in a plea bargain case since the sufficiency of evidence could always be appealed under article 1.15 of the Code of Criminal Procedure.

Article 1.15, which was unaffected by the statutory repealers for the new appellate rules, provides "in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." *Id.* Rule 40(b)(1) expressly recognizes article 1.15. It is unfortunate that the Legislature never recognized the facial conflict between articles 1.15 and 44.02. The Court of Criminal Appeals, however, did see the problem and corrected it by referring the litigant to article 1.15 in Rule 40(b)(1), thereby confirming the already existing right to appeal sufficiency of the evidence in plea bargain cases.[2]

The State disputes the right of a plea bargain defendant to appeal a conviction based on insufficient evidence, citing *Morris v. State*, 749 S.W.2d 772, 774–75 (Tex. Crim.App.1986). In *Morris*, the Court of Criminal Appeals held that the Court of Appeals did not have jurisdiction to consider a "no evidence" point in an appeal from a plea bargain case because the defendant had not raised the point in a pre-trial mo-

tion or obtained the court's permission to raise it on appeal. *Id.*

The *Morris* decision is not controlling here. It is a pre-Rule 40(b)(1) case based solely on the language of its predecessor, article 44.02. The court repeatedly pointed out that article 1.15 was not mentioned in the defendant's no evidence arguments. *Id.* The confusion over the extent of a defendant's right to appeal after entering a plea of guilty or nolo contendere and the conflict between the rights enumerated in articles 1.15 and 44.02 when they are not applied simultaneously, is apparent in the majority and dissenting opinions in *Morris*. Rule 40(b)(1) alleviates the confusion by making explicit reference to article 1.15 and by stating that the limitation upon the right to appeal refers to non-jurisdictional defects that occurred prior to the entry of the plea.

Davis's written notice of appeal stated her intention to appeal the judgment of the trial court. Because the insufficiency of evidence to support a judgment is not an error or defect occurring prior to the entry of a plea, Davis's general notice of appeal is all that is required to preserve her first point of error for review. We overrule the State's jurisdiction objection to the first point of error and proceed to the merits of that point.

■ Davis asserts that the evidence is insufficient to support her conviction for possession of more than twenty-eight grams of amphetamine, including adulterants and dilutants, because the stipulated evidence established only that the powdered substance seized weighed 69.8967 grams and included amphetamine. There was no evidence as to the actual composition of the substances seized or that the weight of the amphetamine and any adulterants and dilutants present in the 69.8967 grams seized exceeded twenty-eight grams. The Court of Criminal Appeals addressed this challenge in *Engelking v. State*, 750

---

**2.** We note that TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon Supp.1989), listing the admonishments the trial court must give the defendant before the plea is accepted, is incomplete insofar as it does not apprise them of the fact that they may appeal their conviction on sufficiency of the evidence grounds without obtaining the court's permission. This discrepancy is not a new one, but has existed since 1979. *See* Act of Sept. 1, 1979, ch. 524, sec. 1, 1979 Tex.Gen.Laws 1108–1109.

S.W.2d 213, 216 (Tex.Crim.App.1988). Engelking alleged the evidence was insufficient to support his conviction for possession of over 400 grams of methamphetamine, adulterants and dilutants. While there was ample evidence that Engelking possessed three to four grams of methamphetamine, the Court of Criminal Appeals reversed the conviction for possession in excess of 400 grams because the record was devoid of any evidence that the remainder of the solutions seized contained adulterants and dilutants. *Id.*

■ Davis's first point of error is sustained. The judgment of the trial court is reversed and she is entitled to a new trial. Because Davis intelligently and knowingly entered a plea of nolo contendere, the Double Jeopardy Clause of the fifth amendment to the United States Constitution does not preclude a second trial. *Bender v. State,* 758 S.W.2d 278, 280–81 (Tex.Crim. App.1988); *Ex parte Martin,* 747 S.W.2d 789, 792–93 (Tex.Crim.App.1988). We turn to Davis's remaining points only to determine whether she would be entitled to an acquittal if any were sustained.

Points of error two, three and four concern alleged errors which fall within the strict confines of Rule 40(b)(1) in that they concern pre-plea, non-jurisdictional errors. Rule 40(b)(1) expressly provides that in order to appeal such errors "the notice shall state that the trial court granted permission to appeal or *shall* specify that those matters were raised by written motion and ruled on before trial." *Id.* (emphasis added).

■ In point of error two Davis contends article 4476–15, section 4.041 is unconstitutionally vague. This issue could have been raised prior to trial in a written motion; it was not. Davis could have requested permission from the trial court to appeal the issue; she failed to do so. Her general notice of appeal likewise fails to raise the issue. Davis has not preserved her second point for appeal. Furthermore, we note that even if she had not waived the issue, it would not be dispositive of this appeal. Article 4476–15, section 4.041 is not unconstitutionally vague. *Engelking,* 750 S.W.2d at 215.

■ In points of error three and four, Davis complains the trial court should have granted her motion to suppress evidence seized as a result of an illegal detention. Although Davis's written pre-trial motion to suppress was ruled upon prior to trial and Davis additionally received the trial court's permission to appeal its ruling, she failed to satisfy the mandatory requirement of Rule 40(b)(1) in that she failed to state these facts in her written notice of appeal. *See Johnson v. State,* 747 S.W.2d 568, 569 (Tex.App.—Houston [14th Dist.] 1988, no pet.); *but see Jones v. State,* 762 S.W.2d 330, 331 (Tex.App.—Austin 1988, no pet.); *Campbell v. State,* 747 S.W.2d 65, 66–67 (Tex.App.—Houston [1st Dist.] 1988, no pet.). Even if Davis had preserved these points for review and they were found to have merit, she would, at best, receive only a new trial, not an acquittal. *Bender,* 758 S.W.2d at 280–81; *Ex parte Martin,* 747 S.W.2d at 792–93.

The judgment of the trial court is reversed and this case is remanded to the trial court.