**Ronnie RHEM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–01288–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 10, 1992.

Rehearing Denied Feb. 25, 1993.

John C. Kuhn, Austin, for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft, Steve Baldassano, Asst. Dist. Attys., Houston, for appellee.

Before OLIVER–PARROTT, C.J., and WILSON and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

May a defendant who accepts a plea bargain agreement offer from the State appeal the issue of sufficiency of the evidence to support an essential element of the offense? We hold he may not.

Ronnie Rhem, the appellant, was indicted for possession with intent to deliver at least 400 grams of cocaine. He pled nolo contendere under a plea bargain agreement. The trial court found him guilty and assessed punishment at 25–years confinement and a fine of $50,000. We affirm.

The appellant's sole point of error challenges the sufficiency of the evidence to support his conviction. He argues that insufficient evidence is a defect that occurs after the entry of the plea, and therefore the prerequisites of TEX.R.APP.P. 40(b)(1) do not apply. The State, however, argues that rule 40(b)(1) is void to the extent that it conflicts with the repealed proviso of TEX.CODE CRIM.P.ANN. art. 44.02.[1] We agree with the State.

### Former proviso to article 44.02

■ The appellant raises the same issue that was raised by the defendant in *Morris v. State*, 749 S.W.2d 772, 773 (Tex.Crim. App.1986): May a defendant who accepts a plea bargain agreement appeal the issue of sufficiency of the evidence that supports an essential element of the offense? In *Morris*, the Court of Criminal Appeals held that under article 44.02, the defendant could not appeal the sufficiency of the evidence unless the trial court granted him permission to appeal. *Id.* at 774. Article 44.02 provided in part:

> A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.

The *Morris* case involved a defendant who appealed after a conviction based on a plea of nolo contendere, alleging that there was no evidence to support his conviction. *Id.* at 773. Applying article 44.02, the Court of Criminal Appeals held that "defendants in the described situation have no right to appeal unless the permission of the

1. Act of May 27, 1965, 59th Leg., R.S., ch. 722, 1965 Tex.Gen.Laws 317, 511, *amended by* Act of May 20, 1977, 65th Leg., R.S., ch. 351, 1977 Tex.Gen.Laws 940, 940–41, *repealed by* Act of May 26, 1985, 69th Leg., R.S., ch. 685, 1985 Tex.Gen.Laws 2472, 2472–73.

trial court is obtained, except the right to appeal is retained as to those **matters** raised by written motion filed prior to trial, regardless of the trial court's permission." *Id.* at 774. Thus it is clear that before the adoption of rule 40(b)(1), the Court of Criminal Appeals held that under article 44.02, a defendant could not appeal the sufficiency of the evidence supporting a conviction.

In denying the defendant the right to appeal the sufficiency of the evidence after an agreed plea, the *Morris* court noted that the only right of a defendant to appeal is a statutory right:

> Thus appeals are within the control of the Legislature. "In the exercise of its powers, the Legislature may impose proper restrictions on the right of appeal, prescribe regulations in regard to appellate jurisdiction, and promulgate rules to be observed in prosecuting an appeal."

*Morris,* 749 S.W.2d at 774.

### Rule 40(b)(1)

In 1985, the Texas Legislature repealed the proviso to article 44.02 as well as other provisions in the Code of Criminal Procedure governing post-trial appellate and review procedure, and delegated its rule-making authority to the Court of Criminal Appeals. Act of May 26, 1985, 69th Leg., R.S., ch. 685, 1985 Tex.Gen.Laws 2472. Section 1 of this act provided:

> Articles of the Code of Criminal Procedure, 1965, that govern posttrial appellate and review procedure in criminal cases are hereby repealed pursuant to Section 4 of this Act. The court of criminal appeals is granted rulemaking power to promulgate rules of posttrial, appellate, and review procedures in criminal cases *except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant.*

(Emphasis added.)

The rules adopted by the Court of Criminal Appeals became effective September 1, 1986, and on that date rule 40(b)(1) replaced the proviso to article 44.02. *See* Tex.Gov't Code Ann. § 22.108 (Vernon 1988). As adopted by the Court of Criminal Appeals, Tex.R.App.P. 40(b)(1) provides in part:

> [I]f the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred *prior to* entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion *and ruled on before trial.*

(Emphasis added.)

### Comparison of rule 40(b)(1) and article 44.02

The State argues that the Court of Criminal Appeals, in adopting rule 40(b)(1), improperly expanded the scope of review from agreed plea bargains, that the plain language of the former proviso to article 44.02 indicates that the legislature intended to strictly limit appeals from agreed plea bargains, and that a defendant who pleads guilty or nolo contendere under an agreed plea bargain agreement may not appeal the sufficiency of the evidence supporting the conviction. We agree with the State's arguments.

Under rule 40(b)(1), a defendant who pleads guilty or pleads nolo *contendere* with an agreed recommendation is able to appeal in the following four situations: (1) when the trial court grants permission to appeal; (2) when the defendant complains about matters raised in written motions filed and ruled on prior to trial; (3) when there is jurisdictional error; and (4) when the defendant complains of error that occurs after entry of the plea. Recall that under the *Morris* analysis, a defendant who pled guilty or pled nolo contendere with an agreed recommendation was only able to appeal in three situations: (1) when the trial court granted permission to appeal; (2) when the defendant complained about matters in written motions filed prior to trial; and (3) when there was jurisdictional error.

We find the grant of permission to appeal is greater under rule 40(b)(1) than it was under the former proviso to article 44.02. Thus, we find that rule 40(b)(1) vio-

lates the Legislature's prohibition against adopting rules of post-trial, appellate, and review procedures in criminal cases that enlarge or modify the substantive rights of a litigant.

Another court of appeals has held to the contrary, that rule 40(b)(1) does not enlarge or modify the substantive rights of a litigant. *Davis v. State,* 773 S.W.2d 404 (Tex. App.—Fort Worth 1989, pet. granted); *see also Rosenkrans v. State,* 758 S.W.2d 388, 389 (Tex.App.—Austin 1988, pet. ref'd) (rule 40(b)(1) provides a narrower limitation on the right to appeal than previously imposed by the proviso to article 44.02); *Lerma v. State,* 758 S.W.2d 383, 384 (Tex. App.—Austin 1988, no pet.) (defendant who accepted plea agreement must have trial court's permission only if he wishes to appeal a nonjurisdictional defect that occurred prior to entry of the guilty plea).

In *Davis,* the defendant stipulated to certain testimony, entered a plea of nolo contendere, was convicted of aggravated possession of a controlled substance, and sentenced under a plea bargain agreement to seven-years confinement. On appeal, Davis complained that the evidence was insufficient to sustain her conviction. The State objected to Davis' attempt to appeal the insufficiency of the evidence after accepting the plea bargain agreement, citing *Morris.* The court held that because insufficiency of the evidence is a defect that occurs after entry of the plea, the prerequisites of rule 40(b)(1) do not apply. *Davis,* 773 S.W.2d at 407. The court rejected the argument that rule 40(b)(1) expanded the scope of a litigant's appeal in a plea bargain case because "sufficiency of evidence could always be appealed" under TEX.CODE CRIM.P.ANN. art. 1.15 (Vernon Supp.1992). *Id.* This article provides that when a defendant, upon entering a plea, has in open court waived his right of trial by jury,

> it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis of its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such

case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court.

TEX.CODE CRIM.P.ANN. art. 1.15 (Vernon Supp.1992).

In support of its holding, the court found that *Morris* was not controlling authority because *Morris* was issued before the adoption of rule 40(b)(1). *Davis,* 773 S.W.2d at 407. The court discussed what it termed the "confusion over the extent of a defendant's right to appeal after entering a plea of guilty or nolo contendere" and stated that a conflict existed between the rights enumerated in articles 1.15 and 44.02 when they were not applied simultaneously. *Id.* The court concluded that the explicit reference to article 1.15 in rule 40(b)(1) alleviated this confusion. The court also noted that the defendant in *Morris* apparently never raised article 1.15 in his "no evidence" arguments. *Id.*

We disagree with the *Davis* court's finding that rule 40(b)(1) does not enlarge a litigant's substantive rights. The *Davis* court relied upon the faulty premise that a defendant could always appeal the sufficiency of evidence under article 1.15. This premise is not borne out by the court's analysis. The *Morris* court did not indicate any conflict between articles 1.15 and 44.-02. Nor did it limit its opinion to only those situations in which a defendant failed to refer to article 1.15. It is not relevant that *Morris* pre-dated rule 40(b)(1). Nor is it relevant that the defendant in *Morris* apparently never mentioned article 1.15. The *Morris* case held that under article 44.02 a defendant who pled nolo contendere could not, in the absence of a pre-trial written motion or the trial court's permission, appeal the sufficiency of the evidence supporting the conviction. This prohibition was not affected by article 1.15.

We also disagree with the *Davis* court's finding that *Morris* was not controlling

authority. In *Lemmons v. State,* 818 S.W.2d 58 (Tex.Crim.App.1991), the court stated that the case law construing the proviso to article 44.02 was applicable to rule 40(b)(1). In *Lemmons,* the Court of Criminal Appeals held that rule 40(b)(1) did not preclude appeals from denial of pretrial motions prior to entry of a negotiated plea in a misdemeanor case. The court noted that the proviso to article 44.02 abrogated the so-called *Helms*[2] rule, which provided that pleas of guilty and nolo contendere waived all non-jurisdictional defects. *Lemmons,* 818 S.W.2d at 60. The court stated that its repeal of the proviso and the adoption and promulgation of rule 40(b)(1) was not intended to revive the *Helms* rule:

> We acted on the assumption that the body of caselaw construing the proviso would prevail and still control. So, Rule 40(b)(1) was designed to focus on *"how"* an appeal is perfected rather than to bestow any right of appeal, which this court lacks power to provide in the first instance.

*Id.* at 62. Because the court intended that the case law construing the proviso would "prevail and still control," *Morris* clearly precludes a defendant from appealing the sufficiency of the evidence following a conviction based on a plea of nolo contendere.

We find that because rule 40(b)(1) permits a defendant to appeal post plea defects without the trial court's permission, it impermissibly expands the scope of a litigant's appeal in a plea bargain case when the appellant complains of the sufficiency of the evidence.

---

**2.** *Helms v. State,* 484 S.W.2d 925 (Tex.Crim.App. 1972).