Emeterio **MARTINEZ,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–91–582–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 19, 1992.

Rehearing Overruled Dec. 17, 1992.

---

Joseph A. Connors, III, McAllen, for appellant.

Rene Guerra, Dist. and County Atty., Theodore C. Hake, Asst. Criminal Dist. Atty., Edinburg, for appellee.

Before SEERDEN, KENNEDY, and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

SEERDEN, Justice.

This appeal involves appellant's second conviction for the same murder. Previously, a jury found him guilty, and he appealed. We overruled appellant's challenge to the sufficiency of the evidence, but we found error in the charge and reversed and remanded the cause for a new trial. *See Martinez v. State,* 736 S.W.2d 233, 234–37 (Tex.App.—Corpus Christi 1987), *pet. dism'd as improv. granted,* 810 S.W.2d 405 (Tex.Crim.App.1991).

On remand, appellant pleaded "no contest" pursuant to a plea bargain. Various witness statements and reports were introduced to support the plea. The trial court found appellant guilty and assessed his punishment at twenty years in prison. Appellant then filed a motion for new trial in which he challenged the sufficiency of the evidence. The trial court denied the motion, and appellant appealed. The trial court did not give appellant permission to appeal. Appellant now raises his sufficiency complaint in this Court.

Initially, the parties dispute whether appellant may challenge the sufficiency of the evidence. Under former article 44.02 of the Code of Criminal Procedure, the Court of Criminal Appeals determined that a defendant who was convicted pursuant to a plea bargain could not properly raise a sufficiency point on appeal without the trial court's permission. *See Morris v. State,* 749 S.W.2d 772, 773–75 (Tex.Crim.App. 1986). Former article 44.02 was partially repealed with the adoption of the Texas Rules of Appellate Procedure. *See* Tex. Code Crim.Proc.Ann. art. 44.02 (Vernon Supp.1992). The remaining portion of article 44.02 imposes no restriction on any defendant's right to raise a sufficiency challenge. Likewise, the Texas Rules of Appellate Procedure impose no limitation on a defendant's right to raise a sufficiency challenge. *See* Tex.R.App.P. 40(b)(1). Nonetheless, the State argues that appellant may not bring a sufficiency challenge

because the legislation which authorized the Court of Criminal Appeals to promulgate rules of appellate procedure, and thereby repeal a portion of article 44.02, explicitly barred the Court from abridging, enlarging, or modifying the rights of a litigant. *See* Tex.Gov't.Code Ann. § 22.108 (Vernon 1988). The State's position is that *Morris* remains valid law because the repeal and adoption of rules could not modify the rights of a plea-bargain defendant.

In *Davis v. State*, 773 S.W.2d 404, 404–07 (Tex.App.—Fort Worth 1989, pet. granted), the Court of Appeals determined that a plea-bargain defendant could raise a sufficiency challenge despite § 22.108. The Court of Criminal Appeals granted the petition for discretionary review in *Davis*, and the case is pending in that Court. Shortly after the adoption of Rule 40(b)(1), we refused to address a plea-bargain defendant's challenge to the sufficiency of the evidence, following the cases interpreting prior law. *See Garcia Rodriguez v. State*, 750 S.W.2d 906, 908 (Tex.App.—Corpus Christi 1988, pet. ref'd). Our decision there did not specifically address the argument raised in *Davis* or presented here.

With the issue pending in the Court of Criminal Appeals, we believe that the most judicially prudent and economic course of action is for us to review appellant's complaint. Assuming the complaint is properly before us, we now turn to that issue.

■ Appellant contends that the evidence fails to establish his guilt either as the primary actor or as an accomplice. We will review the evidence in the light most favorable to the judgment. *See Jackson v. Virginia*, 443 U.S. 307, 309, 99 S.Ct. 2781, 2783, 61 L.Ed.2d 560 (1979); *Baugh v. State*, 776 S.W.2d 583, 585 (Tex.Crim.App. 1989).

At the plea hearing, the State and appellant stipulated that witnesses, if called, would testify in accordance with their written statements. These statements were then introduced into evidence. The statements show that on the morning of November 18, 1985, the body of a young woman was found on a dirt road adjacent to a drainage ditch. The body was discovered by a Border Patrol Agent who was driving along the ditch in search of illegal aliens. The victim had been shot twice in the chest and twice in the face. Several pieces of evidence were obtained from the murder scene, including a red and white bandana, two condoms, a roll of toilet paper, two .22 caliber casings, one beer can, a cigarette butt, and a lady's purse.

On the day before the victim's body was discovered, appellant and Rodolfo Morales were involved in a shooting incident whereby appellant drove his car alongside another car. The other car contained persons who knew Morales and appellant. Morales stuck his arm out the window and fired three shots at the occupants of the other vehicle. The driver, who was hit, lost control of his car and stopped. Appellant then turned his car around and came back. Someone in appellant's vehicle fired two more shots. The record does not disclose who fired these shots or what happened thereafter with regard to this incident.

Nonetheless, appellant and Morales must have continued on their way unimpeded, for the record shows that later that evening appellant and Morales made the murder victim's acquaintance in an Edinburg bar. When the victim left the bar with appellant and Morales around 9:45 p.m., she told others that they were going to take her to Houston. Morales was wearing a red and white bandana at the bar.

On the afternoon of November 18, a police officer drove by appellant's house. When appellant saw the officer, he grabbed a pistol and quickly entered his house. The police then attempted to get appellant to come out of his house, but he would not. When appellant was ultimately arrested, he gave a statement in which he said that he and Morales picked up the murder victim at an Edinburg lounge and drove to the murder scene where Morales had sex with the girl and then shot her. When the police inventoried appellant's car, they found a box of .22 caliber bullets, some casings, an opened knife with "Morales" inscribed on the handle, and two towels.

Appellant contends that the above evidence is insufficient to support his "no contest" plea. At the outset, we agree

with appellant that the above evidence fails to show that he personally committed the offense, and we turn to appellant's other contentions.

■ Appellant contends that the State had to prove that he was the primary actor as the indictment did not allege the law of parties. We find this contention meritless. An indictment need not allege the law of parties for the trier of fact to find that the defendant was guilty as a party. *See Pitts v. State*, 569 S.W.2d 898, 900 (Tex.Crim. App.1978).

Appellant further contends that even if he could be convicted as a party, he was not so convicted in this case because the trial judge stated that he found appellant guilty "as charged in the indictment." We disagree with this contention. The trial judge's statement merely reflects that he found appellant guilty of murder. It does not reflect that he found appellant guilty as the primary actor. Appellant's argument presupposes that the indictment only charged him with guilt as a primary actor. Under *Pitts*, the indictment should not be read to restrict conviction to only a primary actor theory. Thus, the State was permitted to establish that appellant was guilty as an accomplice, and we turn to appellant's complaint that the evidence is insufficient to show his guilt as a party.

■ In determining whether an individual is a party to an offense, the court may look to events occurring before, during, and after the commission of the offense. *Morrison v. State*, 608 S.W.2d 233, 234 (Tex.Crim.App.1980). Viewing the evidence most favorably to the State, the facts show that appellant and Morales spent the afternoon and evening of the murder together. Appellant promoted and assisted the assault on the other car. Appellant either possessed a weapon himself or knew that Morales had a weapon. Appellant and Morales picked up the victim in a bar and then drove her to an isolated area rather than taking her to Houston as she told others they were going to do. There is no evidence that appellant sought any medical assistance for the victim or reported any offense to the police.

The evidence shows that Morales shot the victim. The State failed to introduce any evidence to show that appellant committed any act which would have made him criminally responsible for Morales' actions. Accordingly, we find the evidence insufficient to sustain the conviction. *See Mendez v. State*, 575 S.W.2d 36, 37–38 (Tex. Crim.App.1979); *Romo v. State*, 568 S.W.2d 298, 302–304 (Tex.Crim.App.1978); *Porter v. State*, 634 S.W.2d 846, 847–50 (Tex.Crim.App.1982); *Morrison*, 608 S.W.2d at 234–45; *Ortiz v. State*, 577 S.W.2d 246, 248 (Tex.Crim.App.1979). We sustain appellant's challenge to the sufficiency of the evidence.

When the evidence is insufficient to support a plea of "no contest," the proper disposition of the case is to remand the cause to the trial court for new trial. *Ex parte Martin*, 747 S.W.2d 789, 792–93 (Tex. Crim.App.1988).

Accordingly, the judgment of the trial court is reversed, and the cause remanded for new trial.