Nathaniel LEVELS, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–92–171 CR.

Court of Appeals of Texas, Beaumont.

Nov. 24, 1993.

Jimmy D. Hamm, Beaumont, for appellant.

Tom Maness, Dist. Atty., John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

Nathaniel Levels pleaded guilty under a plea bargain agreement to possession of a controlled substance, cocaine. The trial court followed the plea bargain, deferring adjudication of guilt and placing appellant on probation for three years. Approximately one year later the trial court proceeded with an adjudication of guilt and assessed punishment at six years' confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant's single point of error avers: "The trial court committed reversible error by failing to comply with Article 1.15 of the Texas Code of Criminal Procedure." This is a challenge to the sufficiency of the evidence to sustain his conviction. He argues that although the judicial confession was duly executed in compliance with TEX. CODE CRIM.PROC.ANN. art. 1.15 (Vernon Supp. 1993), it was not formally admitted into evidence at the hearing on his guilty plea. The record contains no motions which were ruled upon by the trial court prior to trial. Nor does the record reflect that the trial court granted permission to appeal.

We must determine whether this Court has jurisdiction to entertain appellant's appeal. This issue has engendered a split of authority among the courts of appeals, and will eventually be resolved by the Court of Criminal Appeals. The most recent Court of Criminal Appeals opinion on plea bargained guilty pleas predates the rules of appellate procedure. *Morris v. State*, 749 S.W.2d 772 (Tex.Crim.App.1986). The *Morris* court held that a defendant who enters a negotiated plea cannot appeal the sufficiency of the evidence because TEX.CODE CRIM.PROC.ANN., art. 44.02 (Vernon 1979) limits the right of appeal to matters raised by written motion before trial and matters upon which he has obtained the trial court's permission to appeal. The question is whether *Morris* is still good law.

Former Article 44.02 provided:

A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, **except on those matters which have been raised by written motion filed prior to trial**....

(Emphasis added).

The Court of Criminal Appeals repealed the proviso of Article 44.02 in the order adopting the Texas Rules of Appellate Procedure, effective September 1, 1986. The language of the rule promulgated by the court of criminal appeals is quite different:

Appeal is perfected in a criminal case by giving timely notice of appeal; .... [Notice of appeal] shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, **in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior**

to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial....

TEX.R.APP.P. 40(b)(1). (Emphasis added).

The legislation which granted rulemaking power to the Court of Criminal Appeals did so "except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant." TEX.GOV'T CODE ANN. § 22.108(a) (Vernon 1988). The First Court of Appeals has held that Rule 40(b)(1) is void to the extent that it conflicts with the proviso of Article 44.02. *Rhem v. State*, 846 S.W.2d 870 (Tex.App.—Houston [1st Dist.] 1992, pet. granted). The Fort Worth and Dallas courts have taken the opposite position, holding that sufficiency of the evidence may be raised in an appeal from a negotiated guilty plea. *Davis v. State*, 773 S.W.2d 404 (Tex.App.— Fort Worth 1989, pet. granted); *Coleman v. State*, 860 S.W.2d 496 (Tex.App.—Dallas 1993, no pet. h.); *Davenport v. State*, 858 S.W.2d 1 (Tex.App.—Dallas 1993, no pet. h.). The Corpus Christi Court noted that the issue is pending before the Court of Criminal Appeals and addressed the substantive issues. *Martinez v. State*, 841 S.W.2d 954 (Tex.App.—Corpus Christi 1992, pet. filed). Acknowledging that Rule 40(b)(1) narrowed the limitation on a defendant's right of appeal, the Austin Court of Appeals also considered (but overruled) a sufficiency challenge in an appeal from a plea bargained guilty plea. *Rosenkrans v. State*, 758 S.W.2d 388 (Tex.App.—Austin 1988, pet. ref'd).

The Court of Criminal Appeals discussed its repeal of Article 44.02 in *Lemmons v. State*, 818 S.W.2d 58, 62 (Tex.Crim.App. 1991): "We acted on the assumption that the body of caselaw concerning the proviso would prevail and still control. So, Rule 40(b)(1) was designed to focus on "*how*" an appeal is perfected rather than to bestow any right of appeal, which this Court lacks power to provide in the first instance." Of course, *Lem-*

*mons* is a misdemeanor case involving the *Helms*[1] rule. It remains to be seen whether the high court will regard the caselaw concerning the proviso in cases where it operates against the convicted rather than to his advantage.

■ We conclude that a defendant who accepts a plea bargain which is followed by the trial court has a right to appeal limited to jurisdictional defects, matters raised by written pretrial motions, and matters upon which the trial court has granted permission to appeal. Furthermore, we note that insufficiency of the evidence is not a jurisdictional defect, nor is it fundamental error in a case where a defendant has pleaded guilty; failure to produce evidence in a guilty plea is a procedural violation of Article 1.15 bearing no federal constitutional implications. *See, Ex parte Martin*, 747 S.W.2d 789 (Tex.Crim. App.1988); *Ex parte Williams*, 703 S.W.2d 674 (Tex.Crim.App.1986); *see*, TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon Supp.1993).

"If [a defendant] wishes to appeal a matter which is nonjurisdictional in nature or occurred prior to the entry of his plea, then he must conform to the requirements of the statute and include within his notice what the grounds of appeal are and the fact that he has received the permission of the trial court to appeal those matters." *Jones v. State*, 796 S.W.2d 183, 186 (Tex.Crim.App.1990). In *Jones*, the defendant pleaded pursuant to a bargain, then gave a general notice of appeal. He failed to invoke appellate jurisdiction because his notice of appeal did not contain the mandatory Rule 40(b)(1) language. In this case, the notice of appeal contains the Rule 40(b)(1) language, but the only issue raised on appeal was neither raised by written motion nor was the court's permission to appeal obtained.

Appellant's notice of appeal did not purport to invoke a general right of appeal under Article 44.02. It states, in pertinent part:

---

1. *Helms v. State*, 484 S.W.2d 925 (Tex.Crim.App. 1972), held that a guilty plea waived all nonjurisdictional defects. The proviso the Article 44.02 was enacted to abrogate the *Helms* rule by providing that a defendant who entered a negotiated plea could appeal the rulings on written pretrial motions and matters upon which the court gave permission to appeal. In *Lemmons* the Court of Criminal Appeals held that in repealing the proviso it did not reinstate the *Helms* rule in plea bargain cases.

Defendant acknowledges that the plea in the above entitled and numbered cause was entered pursuant to the provisions of ARTICLE 1.15 of the CODE OF CRIMINAL PROCEDURE, and that the punishment assessed does not exceed that recommended by the prosecution and agreed to by defendant and his councel (sic), but further shows the court that the defendant's sixth and fourteenth amendment rights have been violated. Because the court erred, the defendants fourth amendment right was also violated, **the matters raised in the appeal of this conviction were *all* raised by written motions.** [emphasis added]

As was the case in *Morris*, appellant gave notice of appeal limited to matters raised by pre-trial motion. Under *Morris*, 749 S.W.2d at 775, we are without jurisdiction except to dismiss the appeal.

■ There is an additional consideration, that being that this is a post-revocation attempt to appeal where the trial court deferred adjudication. If appellant had desired to appeal this matter, he might have obtained the trial court's permission and appealed within thirty days of the entry of the order deferring adjudication of guilt. *See, Dillehey v. State*, 815 S.W.2d 623 (Tex.Crim.App. 1991). No appeal may be taken from the decision to adjudicate guilt. *Olowosuko v. State*, 826 S.W.2d 940 (Tex.Crim.App.1992). TEX.CODE CRIM.PROC.ANN. art. 42.12 § 5(b) (Vernon Supp.1993).

We find no jurisdictional basis to entertain the appeal. We dismiss the point of error.

APPEAL DISMISSED.