Norman CRITTENDON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–93–01058–CR.

Court of Appeals of Texas, at Houston (1st Dist.).

Aug. 17, 1995.

Merrilie W. Maull, Sugar Land, for appellant.

Latham Boone, Huntsville, for appellee.

Before OLIVER–PARROTT, C.J., and TAFT and O'CONNOR, JJ.

## OPINION

TAFT, Justice.

This appeal requires us to examine the scope of a motion in arrest of judgment. Appellant, Norman Crittendon, represented himself at trial. A jury convicted him of possession of a deadly weapon in a penal institution. The court found the enhancement allegations, two prior theft convictions, true and assessed punishment at 50–years confinement.

### Anders Brief

■ Appellant's court-appointed appellate counsel has filed a brief in which she expresses her opinion that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evalua-

tion of the record and advancing arguable grounds of error on appeal. *Gainous v. State,* 436 S.W.2d 137, 138 (Tex.Crim.App. 1969); *see also Currie v. State,* 516 S.W.2d 684, 684 (Tex.Crim.App.1974); *Moore v. State,* 845 S.W.2d 352, 353 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

### Pro Se Points of Error

A copy of counsel's brief was delivered to appellant, who filed a *pro se* brief. Appellant asserts two points of error: (1) the trial court committed reversible and fundamental error by submitting an ambiguous and misleading definition of "penal institution" in its uncertified charge to the jury; and (2) he was deprived of due process because the evidence adduced at trial was insufficient to sustain the jury verdict, so his motion to arrest the judgment should have been granted.

### a. Jury Charge Definition of "Penal Institution"

In his first point of error, appellant contends that the trial court's charge erroneously instructed the jury that Wynne Unit is "of" the Texas Department of Criminal Justice, Institutional Division (TDCJ), rather than "within" the TDCJ. Appellant claims that the charge was ambiguous and misleading.

The charge includes the following paragraph: "You are instructed that the Wynne Unit of the Texas Department of Criminal Justice, Institutional Division, is a place designated by law as a penal institution."

Appellant specifically objected to this charge on the basis that Wynne Unit was not defined as part of the TDCJ, particularly within TEX.GOV'T CODE ANN. § 491.001 (Vernon Supp.1995), which defines TDCJ, the Institutional Division, and other parts of a correctional facility within the state of Texas. The trial court overruled appellant's objection.

■ In appellant's brief, he acknowledges that Wynne is listed in TEX.GOV'T CODE ANN. § 499.101 (Vernon Supp.1995) as an existing unit "in" the Institutional Division. This is a sufficient basis for the trial court's

determination that Wynne Unit is a place designated by law as a penal institution. We find nothing ambiguous, misleading, or even relevant in the trial court's use of the word "of", rather than "in", when describing Wynne Unit's relationship to the TDCJ. Appellant's argument provides a concrete example of a frivolous claim. The trial court properly overruled appellant's objection to the charge.

We overrule appellant's first point of error.

### b. Denial of Motion in Arrest of Judgment

In his second point of error, appellant claims he was deprived of due process of law when his motion to arrest the judgment was denied, because the evidence adduced at trial could not sustain the verdict. Appellant's claim on appeal appears to be a challenge to the sufficiency of the evidence.

Appellant filed a written motion in arrest of judgment. The motion complained of a violation of double jeopardy based on appellant's contention that the indictment contained offenses in addition to the primary offense. These "additional offenses" were the enhancement allegations. A joint hearing was held on appellant's motion for new trial, his motion to set aside the verdict, and his motion in arrest of judgment. Appellant offered the indictment into evidence. Appellant's remarks appeared to combine various arguments in support of his three motions, but they included an objection to the indictment violating appellant's right not to be placed in jeopardy of his liberty. Complaint was also made about the sufficiency of the State's proof.

A motion in arrest of judgment is an oral or written suggestion to the trial court by an accused that judgment was not rendered against him in accordance with law for reasons stated in the motion. Tex.R.App.P. 33(a). A motion may state a reason that is a ground provided for an exception to substance of an indictment or information or that in relation to the indictment or information a verdict is defective in substance, or any other reason that renders the judgment invalid. Tex.R.App.P. 33(b).

Insufficiency of the evidence is not a proper ground for a motion in arrest of judgment. *Young v. State*, 91 Tex.Crim. 511, 240 S.W. 930, 932 (1922) (holding that a variance between the name of the deceased as alleged and as proved cannot be of avail when raised in a motion for arrest of judgment, which reaches only errors of substance in the indictment or information); 25 Tex. Jur.3d *Criminal Law* § 3587 (1983). A motion in arrest of judgment is essentially a post-trial motion to quash the indictment. *Id.* at § 3581. With the advent of Tex.Code Crim.P.Ann. art. 1.14(b) (Vernon Supp.1995), requiring that objections to the indictment be raised prior to the date of trial or be waived, however, a motion in arrest of judgment now appears to be confined to reurging complaints about indictments made by timely objection prior to trial. An exception appears to have been carved, however, where an indictment fails to allege the name of the defendant. *Cook v. State*, 902 S.W.2d 471, 480 (Tex.Crim.App.1995) (holding that failure to allege the name of the defendant is jurisdictional error and not subject to being waived by not objecting prior to the date of trial).

We observe that an argument could be made that the addition in rule 33(b) of the language "or any other reason that renders the judgment invalid" expands the scope of grounds for a motion in arrest of judgment beyond those set out in former Tex.Code Crim.P.Ann. art. 41.03 (Vernon 1979).[1] Such an argument would have to overlook the legislature's limitation when it granted rule-making authority to the Court of Criminal Appeals: "that its rules may not abridge, enlarge, or modify the substantive rights of a litigant." Tex.Gov't Code Ann. § 22.108(a) (Vernon 1988); *see Davis v. State*, 870 S.W.2d 43, 45–46 (Tex.Crim.App.1994); *Rhem v. State*, 846 S.W.2d 870, 871–72 (Tex. App.—Houston [1st Dist.] 1992), *aff'd*, 873

---

**1.** *See* Act of August 30, 1965, 59th Leg., R.S., ch. 722, 1965 Tex.Gen.Laws 317, 483, *repealed by* Act of August 26, 1985, 69th Leg., R.S., ch. 685, § 4, 1986 Tex.Gen.Laws 2472, 2473. Former

article 41.03 provided: "Such motion shall be granted upon any ground which may be good upon exception to an indictment or information for any substantial defect therein."

S.W.2d 383 (Tex.Crim.App.1994);[2] *Levels v. State*, 866 S.W.2d 103, 105 (Tex.App.—Beaumont 1993, no pet.).

■ In regard to that portion of appellant's oral arguments challenging the State's proof, we hold that appellant may not raise a challenge to the sufficiency of the evidence in a motion for an arrest of judgment. While appellant confined his written motion at trial to an attack on the indictment, on appeal he challenges the trial court's denial of his motion in arrest of judgment solely on the basis of insufficiency of the evidence. In regard to the written motion in arrest of judgment, appellant's point of error fails to comport to his complaint at trial. Therefore, it is not preserved for review. *See Fuller v. State*, 827 S.W.2d 919, 928 (Tex.Crim.App.1992).

We overrule point of error two.

### c. Sufficiency of the Evidence

While appellant may not challenge the sufficiency of the evidence by way of a motion in arrest of judgment, he is certainly entitled to have the sufficiency of the evidence reviewed on appeal. *See Smith v. State*, 646 S.W.2d 452, 453 (Tex.Crim.App.1983) (addressing the sufficiency of the evidence because such a challenge must be considered before disposing of the case).

■ When sufficiency of the evidence is reviewed, the appellate court must view the evidence in the light most favorable to the verdict to determine if a rational trier of fact could have found that the evidence established guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Banda v. State*, 890 S.W.2d 42, 49 (Tex.Crim. App.1994); *Green v. State*, 891 S.W.2d 289, 297 (Tex.App.—Houston [1st Dist] 1994, pet. ref'd). The issue is not whether the appeals court believes the prosecutor's evidence, or believes that defense evidence outweighs the State's. *Green*, 891 S.W.2d at 297. The court does not sit as a "thirteenth juror," reweighing evidence, and may not reverse the judgment on sufficiency of evidence grounds so long as there is evidence that establishes guilt beyond a reasonable doubt. *Id.*

■ Appellant was confined in cell 23 at Wynne Unit, in a section of single-inmate cells that housed aggressive prisoners. On December 19, 1991, correctional officer Carl Davis took appellant from his cell to the shower room before commencing a routine cell "shakedown"—a legal search for contraband and weapons. Prisoners are taken to the showers one at a time; while one is showering, the others are locked in their individual cells.

During appellant's shower, Davis returned to the cell with another officer, Charles Aten, to conduct the search. He found a "shank" (a prisoner-made knife) underneath some legal materials on appellant's bunk, showed it to Aten, then made an official report of the incident before turning the shank over to his supervisor. Davis described the shank as a metal rod with a sharpened tip and a paper handle; he had seen such objects used to inflict serious bodily injury or death. The shank was introduced as State's Exhibit 1.

We find a rational trier of fact could have concluded beyond a reasonable doubt from this evidence that appellant committed the offense of possessing a deadly weapon in a penal institution.

### Conclusion

After carefully reviewing the record, counsel's brief, and appellant's brief, we have concluded that the appeal is wholly frivolous and without merit. Further, we have found nothing else in the record that might arguably support the appeal.

We affirm the judgment.

---

**2.** The Court of Criminal Appeals did not affirm *Rhem* on the basis of this Court's holding, i.e., that the Court of Criminal Appeals had improperly expanded the scope of review for pleas of guilty entered pursuant to plea bargain agreements. Instead, it affirmed its own holding in *Davis v. State*, 870 S.W.2d at 46 (construing the rule so as to conform to, rather than enlarge upon, the former statute from which the rule was taken).