Johnny Duane **GUILLORY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–92–00947–CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 5, 1994.

Published in Part Pursuant to Tex.R.App.P. 90.

**72**

Gilbert A. Villarreal, Houston, for appellant.

John B. Holmes, Jr., Ernest Davila, Anthony Dodson, Denise Nassar, Harris County, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and HUTSON–DUNN, JJ.

## OPINION

HUTSON-DUNN, Justice.

A jury convicted Guillory, under TEX. PENAL CODE ANN. § 7.02 (Vernon 1974), as a party to robbery, TEX. PENAL CODE ANN. § 29.02 (Vernon 1989). The trial court found two enhancement paragraphs true, and assessed Guillory's punishment at 30 years in prison.

Guillory brings 27 points of error, asserting that the evidence is insufficient to support his conviction (points one through 10), and also raising complaints relating to the preparation time afforded his retained counsel (points 11 through 24) and the granting of the State's motion in limine (points 25 through 27). We affirm.

We review the evidence in the light most favorable to the verdict, to determine whether any rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). This standard of review applies to both direct and circumstantial evidence. *Green v. State*, 840 S.W.2d 394, 401 (Tex. Crim.App.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1819, 123 L.Ed.2d 449 (1993); *Palmer v. State*, 857 S.W.2d 898, 899 (Tex. App.—Houston [1st Dist.] 1993, no writ).

In the light most favorable to the verdict, the testimony shows the following. About 2:30 in the afternoon on Easter Sunday 1992, Betty Howard was in the parking lot of a Kroger store, loading groceries into the rear of her car, when she was accosted by a woman later identified as Jamie McBride. McBride grabbed Howard's arm, took her purse, shoved her against the car, and ran off. Howard called out for help, and several people ran after McBride; as they got close, a late model pickup truck drove up, and the man driving opened the door. As McBride got in, Paul Castillo grabbed onto the back of the pickup truck, and hung on for several seconds in a futile attempt to stop the truck. He let go as the truck sped off. Two of the bystanders went after the truck in their own car, and retrieved Ms. Howard's purse after the occupants of the truck threw it out the window; those two people also took down the

truck's license plate number, but left without giving their names, saying that they "did not want to become involved." A later check showed the plate number they gave to have last been assigned to a 1982 GMC pickup.

An hour or two later, McBride returned to the Kroger store, accompanied by Guillory, in a different vehicle. One of those who had chased McBride earlier, Willie Johnson, the store security guard, recognized Guillory and McBride, and called the Houston Police. Johnson also alerted the store manager, who then followed McBride and Guillory while they were inside. The pair were detained as they were emerging from the store, and both Howard and Castillo were called to come back; they both identified McBride as the person who had shoved Howard and stolen her purse. Castillo further identified Guillory as the driver of the pickup truck. McBride was arrested; Guillory was released, but arrested later.

In points of error one and two, appellant contends that the charge required the jury to find that he had participated in the robbery as a principal, and that even in the light most favorable to the verdict, the evidence presented at trial showed, at most, only that he was a party to the offense, not a principal.

The application paragraph of the charge read:

> Now, *if you find from the evidence beyond a reasonable doubt that on or about the 19th day of April 1992, in Harris County, Texas, the defendant, Johnny Duane Gillory [sic] did then and there unlawfully while in the course of committing theft of property owned by Betty Howard, and with intent to obtain or maintain control of the property, intentionally or knowingly cause bodily injury to Betty Howard, by pushing Betty Howard with his hands;* <u>if you find from the evidence beyond a reasonable doubt that on or about the 19th day of April 1992, in Harris County, Texas, another person or persons did then and there unlawfully while in the course of committing theft of property owned by Betty Howard, and with intent to obtain or maintain control of the property, intentionally or knowingly cause bodily injury to Betty Howard, by pushing Betty Howard with his hands, and that the defendant, Johnny Duane Gillory [sic], with the intent to promote or assist the commission of the offense, if any, solicited, encouraged, directed, aided, or attempted to aid the other person or persons to commit the offense,</u> if he did, then you will find the defendant guilty as charged in the indictment.

(Emphasis added.)

The as-a-principal and as-a-party branches of the application paragraph—here italicized and underlined, respectively—are joined only with a semicolon, without any grammatical conjunction. In such an instance, the intended relationship between them could be either logical conjunction ("and") or logical disjunction ("or"). Appellant himself acknowledges these two possibilities in his brief, but then asserts, in conclusory fashion, that the first of them applies here because the "plain meaning" of this application paragraph is that the jury could find appellant guilty only if appellant himself caused bodily injury to Howard, by pushing her with his hands. Appellant reasons, in turn, that, because there was no evidence that he pushed Howard, the State failed to bear its burden to prove each and every element as alleged—mandating that his conviction be reversed and an acquittal ordered.

Appellant has not cited us to any authority in support of his "plain meaning" contention, and our own independent search has uncovered none. Both possibilities appellant identifies remain open.

■ Appellant did not object that the charge failed to expressly indicate the intended logical relationship between the as-a-principal and as-a-party branches of the application paragraph. In the absence of an objection, charge error warrants a reversal only where it is so harmful that the defendant was denied a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.App.1985) (op. on reh'g).

■ Appellant concedes in his brief that "there is no question" that the State proceeded on the theory that he was responsible as a party. In such an instance, if, in addition to authorizing the accused's conviction as a party, the charge also authorizes his conviction

as a principal by including language expressly inquiring about his "acting alone *or* as a party to the offense," then the presence of that language in the charge, if error, does not harm the accused—even if there is insufficient evidence to convict him as a principal—so long as sufficient evidence is presented for the jury to convict him as a party. *Watson v. State*, 693 S.W.2d 938, 941 (Tex.Crim.App. 1985).

■ We do not know what "plain meaning" of the charge this jury understood and applied when it convicted appellant. It is at least as likely as not that the jury considered whether appellant was guilty as a principal *or* as a party. In such an instance, a finding of egregious harm, or any harm, would be pure speculation. *Myres v. State*, 866 S.W.2d 673, 674 (Tex.App.—Houston [1st Dist.] 1993, pet. filed).

Points of error one and two are overruled.

In points of error three, four, and six through 10, appellant contends that the evidence is insufficient to convict him as a party to the robbery.

■ To sustain a conviction as a party to an offense, there must be evidence of a common purpose or design prior to, or contemporaneous with, the criminal event. *Urtado v. State*, 605 S.W.2d 907, 911 (Tex.Crim. App. [Panel Op.] 1980); *Medrano v. State*, 658 S.W.2d 787, 791 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd). Such a common purpose, design, or agreement of parties to act together in committing an offense may be established by circumstantial evidence. *Fantroy v. State*, 474 S.W.2d 490, 492 (Tex.Crim. App.1971); *Medrano*, 658 S.W.2d at 791. One's acts committed after the offense is completed cannot make him a party to the offense. *Morrison v. State*, 608 S.W.2d 233, 235 (Tex.Crim.App. [Panel Op.] 1980). An appellate court may look, however, to events before, during, and after the commission of the offense in determining whether an individual is a party. *Id.* at 234. If the evidence shows only the mere presence of an accused at the scene of an offense, or even his flight from the scene, without more, then it is insufficient to sustain a conviction as a party to the offense. *Valdez v. State*, 623 S.W.2d 317, 321 (Tex.Crim.App.1981) (op. on reh'g). Standing alone, proof that an accused assisted the primary actor in making his getaway is likewise insufficient—even though the accused's conduct may constitute the independent offense of hindering apprehension or prosecution under Tex.Penal Code Ann. § 38.05 (Vernon 1989 & Supp.1994). *See Urtado*, 605 S.W.2d at 912. However, presence at, or flight from, the scene may combine with other facts to show that the accused was a participant in the offense. *Valdez*, 623 S.W.2d at 321.

■ Appellant asserts that there is no evidence that he and McBride acted pursuant to a common purpose or design prior to or contemporaneous with the robbery; appellant contends that the evidence shows, at best, only that, immediately after McBride robbed Howard, he aided or assisted McBride in avoiding capture.

At trial, the prosecution witnesses were Howard, Castillo, and Johnson. Each of them testified, without material difference, to what they saw of McBride's getaway: the pickup truck came up fast as those pursuing McBride got close to her, the driver opened the door, she jumped in, and they took off. Here, unlike in several other cases [1] where the driver of a getaway vehicle unsuccessfully challenged the sufficiency of the evidence to support his or her conviction as a party to an offense, the State presented no evidence from any of its witnesses concerning where the getaway vehicle was, or what its driver was doing, before the robbery. Howard testified, however, that there were six or seven people in her immediate vicinity—within three or four car lengths—when McBride snatched her purse. In addition, Johnson testified, without objection, that when McBride and Guillory were detained as they were emerging from the store, each had items on his or her person that the store manager had seen them shoplift. Willie Mae Grady and Jim Nash were among the wit-

1. *Thompson v. State*, 697 S.W.2d 413 (Tex.Crim. App.1985); *White v. State*, 671 S.W.2d 40 (Tex. Crim.App.1984); *Brewer v. State*, 852 S.W.2d 643 (Tex.App.—Dallas 1993, pet. ref'd); *Webber v. State*, 757 S.W.2d 51 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd).

nesses called by the defense. Grady testified that at the time in question, Guillory and McBride were both living with her at her house, and that the three of them and Grady's four-year-old daughter had gone out to eat that afternoon. Grady said they were all at the restaurant when Howard was robbed, and then they went to the Kroger store together afterward, where Guillory and McBride were detained. Nash testified that Guillory and McBride had been boyfriend and girlfriend at one time, and that he did not know "what the current status is."

The jury could reasonably conclude from Howard's testimony, that McBride would not have undertaken a daytime robbery with so many people so close at hand unless she had planned in advance for a means of escape more reliable than spontaneous assistance from Guillory, and that McBride and Guillory had prearranged her getaway. The jury could also reasonably conclude, from Johnson's and the defense witnesses' testimony, that McBride and Guillory acted pursuant to a common purpose or design when they shoplifted upon their return to the store; the two of them lived together, were together before and after that offense, and they were in possession of stolen property at the time they were arrested. *Cf. Cross v. State,* 550 S.W.2d 61 (Tex.Crim.App.1977), as described in *Morrison,* 608 S.W.2d at 234–35. In turn, the jury could infer that, on the preceding occasion as well, when McBride and Guillory were at the Kroger just some two hours earlier, Guillory was aware of, and had agreed to participate in, McBride's imminent criminal act. Ultimately, from all the evidence before it, the jury could reasonably conclude that McBride and Guillory had acted pursuant to a common purpose or design in robbing Howard.

Points of error three, four, and six through 10 are overruled.

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP.P. 90, and is thus ordered not published.

The judgment of the trial court is affirmed.