Opinion issued July 10, 2003
 
 

 
 


     













In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00934-CR




RONALD LEO BELL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 39,849






MEMORANDUM OPINION

          Appellant, Ronald Leo Bell, was indicted on one count of burglary of a
habitation. A jury found appellant guilty and the trial court assessed punishment at
30 years’ confinement. In two points of error, appellant contends that the evidence
was both legally and factually insufficient to sustain his conviction as either a
principal or a party to the offense. We affirm.       
Background
          Billie June Dixon testified that, one afternoon, while she was in her Brazoria
County home, she heard a car drive up to her house. Dixon looked out her front
window and saw a large white car in her driveway. Dixon saw a heavy-set man in the
driver’s seat. She then heard someone at her front door and looked through the door’s
peephole. Dixon saw a second man, thinner than the first and wore a baseball cap,
at her front door, repeatedly ringing her front door bell. Concerned, Dixon retrieved
her telephone, gun, and pepper spray. When the man attempted to open her front
door, Dixon dialed 9-1-1.
          While Dixon was speaking to the 9-1-1 operator, the man left. Dixon hung up
the phone and waited for police to arrive. Shortly thereafter, she saw the man
wearing the baseball cap at her front door again. As he rang the doorbell, Dixon
called 9-1-1 a second time. Dixon next heard the back door of her house being
kicked in. Dixon took her gun and went into the rear of her house, shouting that she
had a gun. When Dixon entered the laundry room in the rear of her house, she saw
the man wearing the baseball cap. Dixon pointed her gun at the man, and he fled. 
Dixon followed him out the back door, and saw the white car driving away. The
white car swerved at the end of Dixon’s driveway in order to avoid a police car,
which was driving up her driveway at the same time. The police car made a U-turn
in front of Dixon’s house and pursued the white car. 
          Dixon was unable to identify appellant as either the first or second man she had
seen, and she further stated that she did not get a clear view of either man’s face. 
Dixon was able to state only that the man in the car was heavy-set, and that the
second man, who had entered her home, was thinner and wearing a baseball cap.
          Deputy H.M. Atchison of the Brazoria County Sheriff’s Office testified that he
was dispatched to the burglary in progress at Dixon’s home. As Atchison drove to
the scene, he saw a white Lincoln in a ditch, approximately one mile from Dixon’s
home. Atchison saw one man standing by the car, surrounded by police officers. 
Atchison identified the man who had been captured as “McCoy.” Atchison and other
police officers set up a perimeter around the Lincoln and began to search for the other
occupant of the car.  
          Pearland Police Officer Danny Hempsmeyer testified that he assisted in the
police pursuit of the white Lincoln after the burglary had been reported. Hempsmeyer
stated that he arrived at the scene shortly after the Lincoln had crashed. Hempsmeyer
stated that, upon arriving, he saw a deputy pointing a gun at one of the car’s
occupants, who was lying on the ground. That suspect appearded to be a “fairly
large” man who weighed approximately 220 or 230 pounds. Hempsmeyer assisted
in handcuffing the suspect, and he was then told that the car’s second occupant had
escaped into an adjoining pasture area.
          Alvin Police Officer Patrick Savage testified that he was dispatched to a service
station approximately two and a half miles from the crashed Lincoln, where it was
reported that appellant was consuming alcohol. Earlier in the day, Alvin police
officers had informed employees of the convenience store that local police were
conducting a manhunt. Savage testified that, when the service station employees saw
appellant covered in grass, they considered this “suspicious” and notified the Alvin
police. Savage arrested appellant for consuming alcohol on a licenced premises and
took him to the Alvin police department. At the time of his arrest, appellant gave the
Alvin police officers a false name. 
          Later that day, the Pearland Police Department notified the Brazoria County
Sheriff’s Department that appellant had been arrested and was possibly the second
suspect for whom they had been searching. Atchison interviewed appellant the next
morning. Appellant waived his rights and voluntarily offered a statement. In his
written statement, appellant told police that he and McCoy had gone to Dixon’s home
in order to recover money owed to McCoy.
We went to a house in Alvin and McCoy kicked in the back door of the
house and he came running back to the car and he jumped in, and we
took off. I did not kick in any door. And I did not know he was going
to do this. We took off and a police car was chasing us. We wrecked in
a ditch and I took off running. Out in the field, I crawled up in a drain,
and I saw a K Nine [sic] and a man with red eye glasses looked at me. 
I heard the man pick up the tape. Then they left. I came out when it got
dark.
          Standards of Review
          In evaluating legal sufficiency, we review the evidence in the light most
favorable to the conviction and determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In regard to factual sufficiency, we
review all of the evidence, both for and against the finding, neutrally, and determine
whether the proof of guilt is so obviously weak as to undermine confidence in the
jury’s determination or so against the overwhelming weight of the evidence as to
render the verdict manifestly unjust. King v. State, 29 S.W.3d 556, 563 (Tex. Crim.
App. 2000). When both the legal and factual sufficiency of the evidence are
challenged, we must first review the evidence under the legal sufficiency standard. 
See Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). 
          A person commits the offense of burglary if, without the effective consent of
the owner, he enters a habitation or a building not then open to the public with intent
to commit a felony, theft or assault. Tex. Pen. Code Ann. § 30.02 (Vernon 2003). 
In addition to an instruction regarding burglary, the jury was also instructed that
appellant could be found guilty of burglary under the law of parties, which states that
a person is criminally responsible for an offense committed by another if he acts with
the intent to promote or assist the commission of the offense, and he solicits,
encourages, directs, aids, or attempts to aid the other person to commit the offense. 
See id. § 7.02(a)(2) (Vernon 2003). 
Sufficiency of the Evidence
          Appellant first argues that, even when viewed in the light most favorable to his
conviction, the evidence presented by the State showed only that he was present at
Dixon’s home when McCoy broke into the home. Appellant argues that the evidence
was, accordingly, legally insufficient to show that he acted as a principal or a party
to the burglary of Dixon’s home. Appellant next contends that the evidence is
factually insufficient to support his conviction because the State did not present any
evidence establishing that appellant was the person who entered Dixon’s home, nor
did the State’s evidence establish appellant’s guilt as a party to the offense because
the State did not prove that appellant knew of McCoy’s intention to burglarize
Dixon’s home.
          Under the law of parties, even if the jury chose to believe appellant’s
contention that he was not the person who entered Dixon’s home, it nonetheless could
have found him guilty as a party to burglary if it found that (1) he acted with the
intent to promote or assist the commission of the burglary and that (2) he solicited,
encouraged, directed, aided, or attempted to aid McCoy in committing the burglary. 
Circumstantial evidence may be used to show that one is a party to an offense. 
Hubbard v. State, 896 S.W.2d 359, 362 (Tex. App—Houston [1st Dist.] 1995, no
pet.). While mere presence at the scene, or even flight, alone is not enough to sustain
a conviction, such facts may be considered in determining whether an appellant was
a party to the offense. Valdez v. State, 623 S.W.2d 317, 321 (Tex. Crim. App. 1981)
(op. on reh’g); Guillory v. State, 877 S.W.2d 71, 74 (Tex. App.—Houston [1st Dist.]
1994, pet. ref’d).
          The State presented evidence showing that, at the very least, appellant was the
driver of the Lincoln and that he knowingly evaded police after McCoy kicked in the
door of Dixon’s home. Flight itself is a circumstance from which an inference of
guilt may be drawn. Arivette v. State, 513 S.W.2d 857, 862 (Tex. Crim. App. 1974).
In his own confession to police, appellant admitted that he was at Dixon’s home when
the burglary was committed and further admitted that he and McCoy attempted to
escape capture. Appellant also admitted that he hid from police in a storm drain after
crashing the Lincoln. Further, Dixon testified that the smaller of the two men was the
one who kicked in the door of her home and that the larger of the two men was the
driver of the car. At trial, no direct comparison of appellant and McCoy’s size and
weight was made. The jury was, however, provided a photograph of McCoy, and
Officer Hempsmeyer testified that McCoy was a “larger” person, weighing
approximately 220 or 230 pounds. The jury was therefore able to judge for
themselves, if they found Hempsmeyer’s estimate of McCoy’s size credible, which
of the two men was larger and whether appellant was the intruder or the driver. The
jury, as trier of fact, was entitled to resolve any conflicts in the evidence, to evaluate
the credibility of witnesses, and to determine the weight to be given any particular
evidence. See Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). Finally,
appellant gave police officers a false name upon his arrest. 
          In light of the evidence presented by the State, the jury could have rationally
inferred that appellant was either a principal or a party to the burglary. Accordingly,
we find the evidence presented, when reviewed in the light most favorable to the
conviction, was sufficient to enable a rational trier of fact to find appellant guilty of
burglary, either as a principal or as a party, beyond a reasonable doubt. Johnson, 23
S.W.3d at 7. Further, after reviewing all of the evidence presented and taking into
account all reasonable inferences, we do not find that the verdict is so against the
great weight and preponderance of the evidence as to be manifestly wrong and unjust. 
Clewis, 922 S.W.2d at 129. Thus, we hold that the evidence was legally and facutally
sufficient to sustain appellant’s conviction. 
 
Conclusion
          We affirm the judgment of the trial court.

 

                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Taft, Jennings, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).