**Opinion issued October 29, 2013.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-13-00489-CR**

————————————

**SALOMON ANGULO DIAZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 412th Judicial District Court**
**Brazoria County, Texas**
**Trial Court Case No. 67787**

---

## MEMORANDUM OPINION

A jury convicted Salomon Angulo Diaz of burglary of a habitation and evading arrest while using a vehicle. The trial court assessed his punishment at seven years' confinement for the burglary and two years' confinement for evading arrest. Diaz appeals, contending that no evidence supports the jury's findings that

he committed burglary or evaded arrest. We hold that the evidence supports both convictions and therefore affirm.

## Background

In April 2012, a man working from his house in a Pearland subdivision called the police after he observed two men exit a red Pontiac and climb his neighbor's fence. The Pontiac's driver drove away from his neighbor's house after dropping off the two men. The Pontiac's driver returned a few minutes later. Two men came out of the house, carrying bags, and entered the car.

A police officer arrived in his marked patrol car. He observed the Pontiac drive away from the house. He followed the Pontiac for several minutes at a normal speed. A second police officer in another patrol car joined in the pursuit. At that point, both officers turned on their flashing lights. The Pontiac's driver drove through a stop sign without stopping and passed a few places where it would have been convenient to pull over. After a short distance, the Pontiac entered a daycare parking lot and stopped suddenly. A third police officer, in another patrol car, with his lights and sirens turned on, blocked the other lot entrance. As the first officer began to exit his patrol car, the Pontiac's driver resumed driving and reached a dead end at the rear of the parking lot. Three men exited the car and began to run from the police officers. The first police officer chased the driver and quickly caught him. The officer later identified Diaz as the Pontiac's driver.

The police found jewelry and electronics in the Pontiac, which the Pearland residence's owner identified as her property.

**Discussion**

Diaz contends that the evidence does not support the jury's findings that he committed burglary or that he evaded arrest while using a vehicle.

*Standard of Review*

We review legal and factual sufficiency challenges using the same standard of review. *Ervin v. State*, 331 S.W.3d 49, 54 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). Under this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *In re Winship,* 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Additionally, the evidence is insufficient as a matter of law if the acts alleged do not constitute the criminal offense charged. *Williams*, 235 S.W.3d at 750.

An appellate court considers the combined and cumulative force of all the evidence, viewed in the light most favorable to the verdict, to determine whether the necessary inferences have a reasonable basis in the evidence. *Clayton v. State*,

235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing *Hooper v. State,* 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence can be sufficient to establish guilt. *Id.* We presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we defer to that resolution. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

*Burglary of a habitation*

A person commits burglary if, without the effective consent of the owner, the person "enters a building or habitation and commits or attempts to commit a felony, theft, or an assault." TEX. PENAL CODE. ANN. § 30.02(a)(3) (West 2011). A person is criminally responsible if the person acts with the intent to assist in the commission of the offense. *Id.* § 7.02(a)(2). A person who intentionally assists another person in committing burglary thus may be guilty of burglary even if he does not enter the habitation. *Powell v. State*, 194 S.W.3d 503, 506–07 (Tex. Crim. App. 2006). Circumstantial evidence alone can be used to prove that a person is a party to an offense. *Id.* at 506. Evidence of the defendant's presence at the scene or flight from it is not sufficient by itself to sustain a conviction, but such evidence may be considered in determining whether a person is a party to the offense. *Guillory v. State*, 877 S.W. 2d 71, 74 (Tex. App.—Houston [1st Dist.] 1994, writ ref'd).

4

The first police officer on the scene testified that Diaz was the driver of the Pontiac. He drove two men to the Pearland residence. The two men left the residence, carrying bags, and re-entered the Pontiac. Diaz drove through a stop sign after two police officers flashed their lights. The Pontiac's occupants, including Diaz, fled on foot after their car was trapped in the parking lot. The police discovered items stolen from the Pearland residence in the Pontiac.

One of Diaz's accomplices testified that Diaz did not know that the two men were going to commit burglary until after they returned to the car with the stolen goods. Diaz contends that this evidence negates that Diaz had any intent to commit a burglary. A rational factfinder, however, could have concluded from the evidence regarding Diaz's actions in dropping off and returning for the two men, as well as his presence in the car with the stolen property and his flight from the police, that Diaz intentionally assisted the two men in committing the burglary. *See Jackson,* 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton,* 235 S.W.3d at 778. Viewed in favor of the jury verdict, we hold that legally sufficient evidence supports the jury's finding that Diaz was a party to the offense of burglary.

*Evading arrest while using a vehicle*

A person who "intentionally flees from a person he knows is a peace officer . . . attempting lawfully to arrest or detain him" is guilty of evading arrest. TEX. PENAL CODE. ANN. § 38.04(a) (West Supp. 2012). If the person uses a vehicle

5

while fleeing from the police, he is guilty of evading arrest while using a vehicle. *Id.* § 38.04(b)(2)(A).

Diaz contends that, during the time that he was driving, he was not fleeing from the police. He emphasizes that the pursuit was for a short distance and at a low speed. Fleeing, however, is "anything less than prompt compliance with an officer's direction to stop." *Horne v. State*, 228 S.W.3d 442, 446 (Tex. App.—Texarkana 2007, no pet.); *Laesser v. State*, No. 14-09-00469-CR, 2010 WL 2649945, at *3 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (mem op., not designated for publication); *Sanchez v. State*, No. 14-11-00684-CR, 2013 WL 1197878, at *2 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (mem. op., not designated for publication). In other words, "fleeing slowly is still fleeing." *Mayfield v. State*, 219 S.W.3d 538, 541 (Tex. App.—Texarkana 2007, no pet.). While two marked patrol cars followed him with their lights flashing, Diaz drove through a stop sign without stopping and continued driving past locations where he easily could have pulled over. Diaz ran away on foot once police officers had trapped his vehicle in the daycare parking lot. Given this evidence, a rational factfinder could conclude that he evaded from the police while using a vehicle.

Diaz further contends that the State did not prove that Diaz knew the police were attempting to arrest him while he was using a vehicle. But a reasonable jury could have credited evidence that Diaz continued to drive away while two marked

6

patrol cars followed him with their lights flashing and drove through a stop sign without stopping to support a reasonable inference that Diaz knew the police were pursuing him. Viewed in a light favorable to the jury's verdict, we hold that sufficient evidence supports the jury's finding that Diaz evaded arrest while using a vehicle.

Finally, Diaz contends that the State failed to prove an element of § 38.04(b)(2)(A), the statute under which he was convicted, because he had no previous conviction for evading arrest. Before September 1, 2011, a person could be convicted under § 38.04(b)(2)(A) only if he both used a vehicle while in flight and had been previously convicted under § 38.04. Act of Sept. 1, 2009, 81st. Leg., R.S., ch. 1400, § 4, sec. 38.04, 2009 Tex. Gen. Laws 4386 (amended 2011) (current version at TEX. PENAL CODE. ANN. § 38.04(b)(2)(A) (West. Supp. 2012)). In 2011, however, the Texas Legislature amended section 38.04(b)(2)(A) to delete the element of a previous conviction. Act of Sept. 1, 2011, 82d Leg., R.S., ch. 920, § 3, sec. 38.04(b)(2)(A), 2011 Tex. Gen. Laws 2322. Diaz committed this offense on April 4, 2012, after the amendment's effective date of September 1, 2011, so the amended statute applies. Accordingly, we hold that the State did not need to prove the element of a previous conviction in order to prove all of the elements of § 38.04(b)(2)(A).

**Conclusion**

We hold that legally sufficient evidence supports Diaz's convictions. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).