

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00152-CR

**LAVAIL MILLER AKA LAVAIL STRUGGS,**

                                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                                    **Appellee**

---

**From the 40th District Court**
**Ellis County, Texas**
**Trial Court No. 35597CR**

---

## MEMORANDUM  OPINION

---

In three issues, which can be categorized as two, appellant, Lavail Miller a/k/a

Lavail Struggs, challenges her conviction for sexual assault, a second-degree felony.  *See*

TEX. PENAL CODE ANN. § 22.011(a)(1)(A) (West 2011).  We affirm.[1]

---

[1] As this is a memorandum opinion and the parties are familiar with the facts, we only recite those facts necessary to the disposition of the case.  *See* TEX. R. APP. P. 47.1, 47.4.

## I.   SUFFICIENCY OF THE EVIDENCE

In her first issue, appellant contends that the evidence is insufficient to show that she committed or was a party to the commission of a sexual assault without the complainant's consent.

## A.   Standard of Review

In *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), the Texas Court of Criminal Appeals expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Id.*

Our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. Furthermore, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct

evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of the witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically-correct jury charge does four things: (1) accurately sets out the law; (2) is authorized by the indictment; (3) does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability; and (4) adequately describes the particular offense for which the defendant was tried. *Id.* Here, the State was required to prove beyond a reasonable doubt that appellant intentionally or knowingly caused the penetration of the anus or sexual organ of another person by any means without that person's consent. *See* TEX. PENAL CODE ANN. § 22.011(a)(1)(A).

**B.      Law of the Parties**

According to the law of parties, each party to an offense may be charged with the commission of the offense. TEX. PENAL CODE ANN. § 7.01(b) (West 2011). A person is a party to an offense if "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." *Id.* § 7.02(a)(2) (West 2011). When a party is not the "primary actor," the State must prove conduct constituting an offense plus an act by the

defendant alone with the intent to promote or assist such conduct. *Beier v. State*, 687 S.W.2d 2, 3 (Tex. Crim. App. 1985). Evidence may be deemed sufficient to sustain a conviction under the law of parties if the evidence shows that the defendant was physically present at the commission of the offense and encouraged the commission of the offense either by words or other agreement. *Miller v. State*, 83 S.W.3d 308, 313-14 (Tex. App.—Austin 2002, pet. ref'd) (citing *Urtado v. State*, 605 S.W.2d 907, 911 (Tex. Crim. App. 1980); *Tarpley v. State*, 565 S.W.2d 525, 529 (Tex. Crim. App. 1978)). Circumstantial evidence may suffice to show that one is a party to the offense. *Id.* (citing *Wygal v. State*, 555 S.W.2d 465, 469 (Tex. Crim. App. 1977)). While mere presence at the scene, or even flight, is not enough to sustain a conviction, such facts may be considered in determining whether an appellant was a party to the offense. *Id.* at 314 (citing *Valdez v. State*, 623 S.W.2d 317, 321 (Tex. Crim. App. 1981) (op. on reh'g); *Guillory v. State*, 877 S.W.2d 71, 74 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd)).

## C.    Discussion

Appellant first argues that the record does not contain sufficient evidence to show a lack of consent. Section 22.011(b)(1) of the Texas Penal Code provides that a sexual assault "is without the consent of the other person if . . . the actor compels the other person to submit or participate by the use of physical force or violence." TEX. PENAL CODE ANN. § 22.011(b)(1). In the instant case, the victim, T.W., testified that she was compelled to have sex with Dewayne Sheffield because appellant held T.W.'s arms down and laid across her as she struggled, and because Sheffield held T.W.'s legs in the

air as he penetrated her.[2]  T.W. further testified that she was crying during the ordeal and that she told appellant and Sheffield to stop.  According to T.W., though she struggled to free herself, appellant and Sheffield did not stop.  T.W. also recounted that appellant and Sheffield threatened that they would get T.W. if she told anybody about the encounter.  T.W. was scared and "thought that they were going to kill [her]."

Despite T.W.'s testimony, appellant argues that the testimony of David Smith, formerly a detective with the Ennis Police Department, demonstrates that the sex between appellant, T.W., and Sheffield was consensual.  However, in his testimony, Smith noted that appellant and Sheffield said that the sex was consensual.  Nowhere in the record does Smith testify that T.W. told him that the sex was consensual.  In fact, Smith recounted that T.W. told him that appellant "jumped on her and held her down while Mr. Sheffield sexually attacked her."

Appellant also contends that the lack of physical evidence in this case demonstrates that the sex was consensual and not forced.  We disagree.  The record reflects that, after the incident, T.W. went to her boyfriend Marc Finnell's house.  When T.W. arrived, Finnell noticed that T.W. was crying and upset.  When Finnell asked what was wrong, T.W. told him that she had been raped.  Thereafter, Finnell and T.W. went to the police department to report the incident.  After speaking with an officer at the Ennis Police Department, Finnell took T.W. to Ennis Regional Hospital for a sexual-assault examination.  Kusi Fordjour, M.D., conducted the examination.  Dr. Fordjour took several samples from T.W., including a vaginal swab that contained sperm that

---

[2] At the time of the incident, T.W. was nineteen years old.

was eventually linked to Sheffield. At trial, Dr. Fordjour testified that one does not always see physical injuries in a forced sexual assault. He also noted that, though he did not notice any visible injuries on T.W., his nurse wrote in the report that T.W. had a scratch on her arm. Dr. Fordjour also recounted that T.W. complained of vaginal pain and that she had a urinary-tract infection that "could or could not be related to [a] forced sexual encounter."

Viewing the evidence in the light most favorable to the prosecution, we find that a rational juror could have concluded beyond a reasonable doubt that the sex between appellant, T.W., and Sheffield was not consensual. *See id.; see also Jackson*, 443 U.S. at 318-19, 99 S. Ct. at 2788-89; *Lucio*, 351 S.W.3d at 894. And to the extent that appellant argues the statements that she and Sheffield made to police renders the evidence insufficient, we note that T.W.'s testimony described a sexual assault without consent and that, under these circumstances, her testimony alone is sufficient to sustain the conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (West Supp. 2013) ("A conviction under Chapter 21 . . . . Penal Code is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense is alleged to have occurred."). Moreover, we once again note that it was within the province of the jury to resolve conflicts in the evidence; and we are to defer to the jury's resolution of such conflicts. *See Chambers*, 805 S.W.2d at 461.

Appellant also complains that, in the event that the evidence is sufficient to demonstrate a sexual assault occurred, the evidence is insufficient to show that she was a party to the sexual assault. We disagree.

As noted above, T.W. testified that appellant held her arms and laid on her while Sheffield penetrated her. The record also reflects that T.W. immediately informed others about the incident, including her boyfriend, the police, and Dr. Fordjour. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a). In convicting appellant of the charged offense, the jury clearly believed T.W.'s testimony that a sexual assault occurred and that appellant solicited, encouraged, directed, aided, or attempted to aid Sheffield in the commission of the sexual assault. *See* TEX. PENAL CODE ANN. § 7.02(a)(2); *see also Beier*, 687 S.W.2d at 3; *Miller*, 83 S.W.3d at 313-14. As noted above, T.W.'s testimony alone is sufficient to support the jury's verdict finding appellant guilty as a party to the sexual assault. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a). Accordingly, we find that a rational juror could have concluded beyond a reasonable doubt that appellant was a party to the sexual assault. *See* TEX. PENAL CODE ANN. § 7.02(a)(2); *see also Beier*, 687 S.W.2d at 3; *Miller*, 83 S.W.3d at 313-14. We therefore conclude that the evidence supporting appellant's conviction is sufficient. *See Jackson*, 443 U.S. at 318-19, 99 S. Ct. at 2788-89; *Lucio*, 351 S.W.3d at 894. We overrule appellant's first issue.

## II. APPELLANT'S CONFRONTATION-CLAUSE ARGUMENT

In her second issue, appellant argues that the trial court abused its discretion in admitting State's exhibit 19, a match confirmation from the Combined DNA Index System ("CODIS") sent to Paul Asby, a detective with the Ennis Police Department, by

the manager of the CODIS program at the Texas Department of Public Safety. Specifically, appellant asserts that the admission of the exhibit violated her constitutional rights to confrontation and cross-examination.

## A.    Facts

During the testimony of Detective Asby, the State introduced its exhibit 19, the CODIS match confirmation. Detective Asby explained that CODIS is a DNA-database used by law enforcement. Detective Asby further explained that most of the DNA profiles contained in the CODIS are those of people who have been convicted of a crime and sent to the Texas Department of Criminal Justice. As mentioned earlier, T.W. submitted to an examination at the Ennis Regional Hospital that included a vaginal swab. When co-defendant Sheffield was released from prison on another charge, law enforcement obtained a sample of Sheffield's DNA. Once Sheffield's DNA was inputted into the CODIS database, a DNA match was confirmed with the vaginal swab taken from T.W. It is from this confirmation linking Sheffield's DNA profile to the vaginal swab taken from T.W. that appellant now complains.

## B.    Discussion

The record reflects that when the State tendered exhibit 19 for admission into evidence, defense counsel lodged the following objection: "Judge, we object to the fact that we are unable to cross-examine this particular person [the manager of the CODIS program at the Texas Department of Public Safety] and also on relevance as far as where the pen pack listed offenses in there. We think it's possible prejudicial effect on our case." In response to defense counsel's objection, the trial court conducted a

Miller v. State                                                                                                  Page 8

hearing outside the presence of the jury. During the hearing, both the State and defense counsel focused on the relevance of State's exhibit 19, not on defense counsel's Confrontation-Clause objection. In any event, at the conclusion of the hearing, the trial court sustained defense counsel's objection but allowed the State to "re-ask the witness some questions to supplement or clarify . . . ." Thereafter, the State asked several follow-up questions about the CODIS match confirmation to address appellant's relevance objection and eventually tendered the exhibit for admission into evidence once again. At this point, defense counsel lodged the following objection: "We object to hearsay. And it's not a certified copy." The record does not reflect that defense counsel re-urged his Confrontation-Clause objection. The trial court overruled defense counsel's objection and admitted State's exhibit 19 into evidence. Therefore, in this issue, defense counsel's overruled objection is the focus of our analysis.

To preserve error, Texas Rule of Appellate Procedure 33.1(a) requires the complaining party to make a specific objection or complaint and obtain a ruling thereon before the trial court. *See* TEX. R. APP. P. 33.1(a); *see also Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Texas courts have held that points of error on appeal must correspond or comport with objections and arguments made at trial. *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1999); *see Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd). "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review." *Wright*, 154 S.W.3d at 241; *see Resendiz v. State*, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003). Because defense counsel's overruled objection did not raise the issue of the Confrontation

Clause, we cannot say that appellant has preserved this argument for review.[3]  *See* TEX.

R. APP. P. 33.1(a)(1); *see also Resendiz*, 112 S.W.3d at 547; *Wilson*, 71, S.W.3d at 349;

*Wright*, 154 S.W.3d at 241.  Accordingly, we overrule appellant's second issue.

## III.  CONCLUSION

Having overruled all of appellant's issues on appeal, we affirm the judgment of

the trial court.

AL SCOGGINS
Justice

---

[3] In her appellate brief, appellant argued that this issue was preserved because the trial court was on notice of her Confrontation-Clause argument, and because constitutional arguments cannot be waived.  We disagree on both counts.  The record reveals that appellant first lodged her Confrontation-Clause objection, and the trial court sustained the objection.  In essence, at that stage, appellant had successfully prevented the admission of State's exhibit 19 into evidence.  However, after further questioning of Detective Asby, the State once again submitted exhibit 19 for admission into evidence.  At this point, appellant failed to object on Confrontation-Clause grounds and instead objected that the document was hearsay and not certified.  Therefore, at the time of appellant's second objection to State's exhibit 19, the trial court was not on notice of appellant's Confrontation-Clause objection.  *See* TEX. R. APP. P. 33.1(a)(1); *see also Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

With regard to appellant's second argument, we note that she has not cited any authority in support of her contention that constitutional arguments cannot be waived.  In fact, case law stands for the contrary.  *See* TEX. R. APP. P. 33.1(a)(1)(A); *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (noting that a general hearsay objection does not preserve an issue on confrontation-clause grounds); *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (overruling appellant's constitutional confrontation-clause issues because he did not preserve issues related to the Confrontation Clause at trial); *see also Washington v. State*, Nos. 10-12-00068-CR, 10-12-00069-CR, 2013 Tex. App. LEXIS 13793, at **19-20 (Tex. App.—Waco Nov. 7, 2013, no pet. h.) (mem. op., not designated for publication).

And finally, we note that Detective Asby testified to the contents of State's exhibit 19, including the fact that Sheffield's DNA profile matched that which was found on the vaginal swab obtained from T.W.  Appellant did not object to this testimony.  Under Texas law, any error in admitting evidence is cured when the same evidence is admitted elsewhere without objection.  *See Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004); *see also Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).  As such, even if appellant had preserved her complaint in this issue, any error in admitting the evidence was cured.  *See Lane*, 151 S.W.3d at 193; *see also Leday*, 983 S.W.2d at 718.

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirmed
Opinion delivered and filed December 19, 2013
Do not publish
[CR25]